# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

AMERICAN CIVIL LIBERTIES UNION;
ACLU OF MASSACHUSETTS,

       Plaintiffs,

       v.

UNITED STATES DEPARTMENT OF
JUSTICE; UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,

       Defendants.

Civil Case No. 1:12-cv-11776

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by plaintiffs American Civil Liberties Union and ACLU of Massachusetts from defendants Department of Justice, including its components the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Drug Enforcement Administration, the Federal Bureau of Investigation, and the United States Marshals Service, and Department of Homeland Security, including its components United States Immigration and Customs Enforcement, United States Customs and Border Protection, and the Transportation Security Administration.

2.      On July 30, 2012, plaintiffs submitted FOIA letters ("the Request") to defendants seeking records regarding their use and/or funding of automatic license plate readers ("ALPRs").

3.      ALPRs are cameras mounted on stationary objects or on patrol cars that photograph the license plate of each passing car, convert these photographs into machine readable text, and compare the plate information with manually-entered plate numbers or with

data stored in agency-selected databases, such as lists of stolen vehicles. ALPR systems can read up to 1,800 license plates every minute, creating the possibility of capturing the location of millions of automobiles—and their drivers—every year.

4.      ALPRs have legitimate law enforcement uses. Yet, when agencies retain data about people not suspected of wrongdoing and pool data from discrete ALPR systems into state, regional, and national databases, ALPRs raise the prospect of pervasive and prolonged surveillance of innocent Americans' movements and start to pose a serious threat to Americans' privacy. Yet there has been little public disclosure of the policies and procedures that are in place to protect individual privacy. Accordingly, there is a strong public interest in disclosure of the records requested.

5.      Defendants have failed to fulfill their obligation to make the requested information available in a timely fashion. The components named in this complaint have not released a single record in response to the Request.

6.      Plaintiffs are entitled to the records they seek. These records will significantly contribute to the public's understanding of how law enforcement agencies are using ALPRs, specifically how the data collected by these cameras is stored, pooled, and retained, thereby clarifying to what extent the government is using ALPR technology to compile information on innocent individuals.

7.      Plaintiffs are further entitled to a waiver of processing fees because the release of the requested records is in the public interest, and to a limitation of processing fees because the ACLU is a "news media" requester as defined by the FOIA.

8.      Plaintiffs seek an injunction requiring defendants to process the Request immediately and expeditiously. Plaintiffs also seek an order enjoining defendants from assessing fees for the processing of the Request.

### Jurisdiction and Venue

9.      This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

11.     Plaintiffs are the American Civil Liberties Union and the ACLU of Massachusetts (collectively, "ACLU").  The ACLU is a nationwide, non-profit, nonpartisan organization dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the U.S. government acts in compliance with the Constitution and laws of the United States. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of the government in matters that affect civil liberties. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public are critical and substantial components of the ACLU's work and among its primary activities.

12.     Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Request targets four specific subdivisions of the DOJ: the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Drug Enforcement Administration ("DEA"), the Federal Bureau of

Investigation ("FBI"), and the United States Marshals Service ("USMS").[1] The DOJ is

headquartered in Washington, D.C.

      13.     Defendant Department of Homeland Security ("DHS") is a Department of the

Executive Branch of the U.S. government and is an agency within the meaning of 5 U.S.C. §

552(f)(1). The Request targets three specific subdivisions of the DHS: United States Immigration

and Customs Enforcement ("ICE"), United States Customs and Border Protection ("CBP"), and

the Transportation Security Administration ("TSA"). The DHS is headquartered in Washington,

D.C.

## Factual Background

      14.     ALPRs are cameras mounted on stationary objects (e.g., telephone poles and the

underside of bridges) or on patrol cars. The cameras photograph the license plate of each vehicle

that passes, capturing information on up to thousands of cars per minute. The devices convert

each license plate number into machine-readable text and then check this number against

agency-selected databases or manually-entered license plate numbers, providing an alert

whenever a match occurs.

      15.     While ALPRs may have legitimate uses, such as assisting law enforcement

officials in tracking down stolen cars, they also pose a serious threat to innocent Americans'

privacy.

      16.     Recent reports and news stories indicate that, due to a combination of price

decreases and federal grants supporting the acquisition of ALPR technology, an increasing

---

[1] Identical FOIA requests were sent to DOJ components the Office of Justice Programs ("OJP") and the National Security Division ("NSD"). Plaintiffs have not yet exhausted the administrative appeals process with regard to the response received from the NSD, and are currently negotiating the production of responsive documents with the OJP. Plaintiffs may amend the complaint to add the OJP and the NSD as defendants as soon as they are entitled to do so.

number of law enforcement agencies around the country are using ALPRs. The Department of Homeland Security and the Department of Justice alone have issued millions of dollars in federal grants to state and local law enforcement branches to furnish the acquisition of ALPR systems.

17.     Yet, the use of ALPRs across the country remains highly unregulated. Only two states—Maine and New Hampshire—have enacted legislation that places limits on law enforcement's use of ALPRs. Elsewhere, little information is known about the government's policies, practices, and procedures for gathering, storing, retaining, and pooling the data collected by ALPR systems. When this information is retained (sometimes indefinitely) and pooled, ALPRs raise the prospect of pervasive and prolonged surveillance of Americans' movements, a problem that is exacerbated when law enforcement agencies retain data about people not suspected of wrongdoing.

FOIA Request

18.     On July 30, 2012, plaintiffs filed FOIA requests seeking release of records regarding ALPRs, which are attached as Exhibit A. The Request sought all records regarding policies, practices, and procedures for procuring and using ALPR technology, for storing, accessing, and sharing data obtained through ALPR technology, and for funding the acquisition and use of ALPR technology by other federal, state, and local governmental agencies.

19.     Plaintiffs filed the Request with defendant Department of Justice's components the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Drug Enforcement Administration, the Federal Bureau of Investigation, and the United States Marshals Service, and with defendant Department of Homeland Security's components Immigration and Customs Enforcement, Customs and Border Protection, and the Transportation Security Administration.

20.     Plaintiffs sought a reduction or waiver of search, review, and reproduction fees pursuant to the FOIA and each defendant's regulations. Plaintiffs are entitled to a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II). Plaintiffs are also entitled to a waiver or reduction in fees because disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

<u>Defendants' Response to the Request</u>

21.     Although the Request has been pending for nearly two months, the components in this suit have not produced any responsive records. Further, these components have not provided any basis for withholding responsive records.

22.     By letter dated September 10, 2012, the ATF acknowledged receipt of the Request and assigned it tracking number PJC/12-1138. The letter indicates that the ATF anticipates responding to the Request by October 5, 2012. There has been no further response from the ATF.

23.     By letter dated August 23, 2012, the DEA acknowledged receipt of the Request and assigned it tracking number 12-00477-F. There has been no further response from the DEA.

24.     By letter dated August 15, 2012, the FBI acknowledged receipt of the Request and assigned it tracking number 1196953-000. This letter noted that plaintiffs' request for a fee waiver was being considered. There has been no further response from the FBI.

25.     By letter dated July 31, 2012, the USMS acknowledged receipt of the Request and assigned it tracking number 2012USMS21256. There has been no further response from the USMS.

26.     By two letters dated July 31, 2012, ICE acknowledged receipt of the Request and assigned it tracking number 2012FOIA19286. The two largely identical letters responded to plaintiffs' request for a fee waiver in different ways: the first letter agreed to treat the ACLU as a member of the news media, while the second agreed to conditionally waive fees until a sample of the responsive documents could be reviewed in order to determine the appropriateness of waiving fees under DHS FOIA Regulation 6 CFR § 5.11(k)(2). There has been no further response from ICE.

27.     By letter dated August 17, 2012, the CBP acknowledged receipt of the Request and assigned it tracking number 2012F27987. The CBP agreed to reduce fees based on plaintiffs' status as a representative of the news media, but denied plaintiffs' request for a fee waiver, claiming that disclosure of the requested information will not significantly contribute to the public's understanding of government operations or activities. There has been no further response from the CBP.

28.     By letter dated August 7, 2012, the TSA acknowledged receipt of the Request and assigned it tracking number TSA12-0730. There has been no further response from the TSA.

### Causes of Action

29.     Defendants' failure to promptly make available the records sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and defendants' corresponding regulations.

30.     Defendants' failure to grant plaintiffs' request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and defendants' corresponding regulations.

31.     Defendants' failure to grant plaintiffs' request for a limitation of fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and defendants' corresponding regulations.

## Requested Relief

WHEREFORE, plaintiffs respectfully request that this Court:

A.  Order defendants immediately to process all records responsive to the Request;

B.  Enjoin defendants from charging plaintiffs search, review, or duplication fees for the processing of the Request;

C.  Issue a declaration that the ACLU qualifies as a "representative of the news media" for purposes of fee assessments under the FOIA;

D.  Award plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

E.  Grant such other relief as the Court may deem just and proper.

Dated: September 25, 2012                    Respectfully submitted,


                                             ___/s/__Catherine Crump_____
                                             Catherine Crump
                                             (Pro Hac Vice Pending)
                                             AMERICAN CIVIL LIBERTIES UNION
                                             FOUNDATION
                                             125 Broad Street, 18th Floor
                                             New York, NY 10004
                                             Telephone:     212.549.2500
                                             Facsimile:     212.549.2651
                                             ccrump@aclu.org


                                             ___/s/ Laura Rótolo_____
                                             Laura Rótolo
                                             BBO # 665247
                                             Matthew Segal
                                             BBO # 654489
                                             AMERICAN CIVIL LIBERTIES UNION
                                             FOUNDATION OF MASSACHUSETTS
                                             211 Congress Street
                                             Boston, MA 02110
                                             Telephone:     617.482.3170
                                             Facsimile:     617.451.0009
                                             lrotolo@aclum.org
                                             msegal@aclum.org