UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION; ACLU OF MASSACHUSETTS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 1:12-cv-11776 (LTS) |

## JOINT STATUS REPORT

Plaintiffs instituted this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain records from various components of the United States Department of Justice and the Department of Homeland Security (collectively, the "Government") regarding the Government's use and funding of automated license plate readers ("ALPRs"). In compliance with this Court's orders issued on July 1, 2015, and July 31, 2015, ECF Nos. 74, 76, the parties submit this joint status report.

As described in the parties' prior status reports, the parties agreed on a schedule according to which the Government will review records gathered in response to plaintiffs' FOIA request and produce responsive records to plaintiffs. Once each component finished production, plaintiffs have assessed whether there was anything left to litigate as to that component.

The current status of production and processing is reflected in the following chart:

| AGENCY | EST. NO. OF PAGES TO BE REVIEWED | EST. COMPLETION AND/OR PRODUCTION DATE | STATUS OF PRODUCTION |
|---|---|---|---|
| **ICE** | 1,500 to 2,000 pages | October 31, 2013 | Complete |
| **TSA** | 200 pages | September 30, 2013 | Complete |
| **ATF** | 100 pages | Search and review done by March 2013, production to follow | Complete |
| **FBI** | 5,000 pages | Review 500-600 docs per month, beginning in March 2013, with production completed by December 31, 2013 | Complete |
| **USMS** | 200 pages | May 2013 | Complete |
| **CBP** | Undetermined | December 31, 2013 | Complete |
| **DEA** | Undetermined | Will review approx. 500-800 records per month, with production of responsive documents completed by April 2015 | Complete |

As stated in the parties' prior status reports, there is nothing left to litigate as to ICE, TSA, ATF, FBI, and USMS.

Plaintiffs have received CBP's final production. CBP has now completed production, and there is nothing left to litigate as to CBP.

The DEA completed production on January 26, 2015. Plaintiffs asked the DEA for further information regarding portions of certain documents that were redacted as non-responsive. Plaintiffs agreed to provide the DEA with examples of redacted documents about which Plaintiffs are seeking further information. The DEA agreed to consider the request and respond accordingly once it received these examples. Plaintiffs provided the DEA with examples on March 11, 2015. The DEA reviewed and considered these examples and sent Plaintiffs a response on June 25, 2015.

On July 27, 2015, Plaintiffs sent a letter to the DEA explaining that the ACLU believes the DEA's withholding of information as non-responsive when that information is intermingled with concededly responsive information in the same document violates the agency's obligations under FOIA. The letter further informed the DEA that Plaintiffs do not intend to litigate this issue, but were sending the letter in the hope that it will lead to a voluntary change in the DEA's practices in responding to future FOIA requests. Plaintiffs asked counsel for the Government to provide copies of the letter to appropriate officials within the DEA, as well as to the Department of Justice's Office of Information Policy. Counsel for the Government represents that she will do so. Plaintiffs also will provide a copy of the letter to the Office of Government Information Services in the National Archives and Records Administration.

The DEA does not agree with the characterization of DEA's processing in the ACLU's letter, and has conveyed this disagreement to the ACLU.

Because Plaintiffs have decided not to litigate this issue, there is nothing left to litigate as to the DEA or any other defendant agency. Accordingly, the parties are prepared to dismiss the case, and intend to file a stipulation of dismissal by August 11, 2015.

Respectfully Submitted,

| /s/ *Nathan Freed Wessler* <br> NATHAN FREED WESSLER <br> nwessler@aclu.org <br> (Admitted Pro Hac Vice) <br> Speech, Privacy and Technology Project <br> American Civil Liberties Union Foundation <br> 125 Broad St., 18th Floor <br> New York, New York 10004 <br> (212) 549-2500 | /s/ *Jennifer A. Serafyn* <br> JENNIFER A. SERAFYN <br> Jennifer.Serafyn@usdoj.gov <br> Assistant U.S. Attorney <br> United States Attorney's Office <br> John Joseph Moakley U.S. Courthouse <br> 1 Courthouse Way, Suite 9200 <br> Boston, MA 02210 <br> (617) 748-3100 |
|---|---|

Dated: August 4, 2015

## CERTIFICATE OF SERVICE

       I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants via First Class Mail.

                                                /s/ *Nathan Freed Wessler*
                                                Nathan Freed Wessler

Dated: August 4, 2015